```
UNITED STATES DISTRICT COURT
   MIDDLE DISTRICT OF TENNESSEE
          NASHVILLE DIVISION

DALE DODSON,                    )
                                )
      Plaintiff,                )
                                )
   v.                           )    3:05-0619
                                )    Judge Echols
ACTION NISSAN, INC.             )
                                )
      Defendant.                )
```

**MEMORANDUM**

Pending before the Court is "Plaintiff's Motion to Dismiss Defendant's Counterclaim" (Docket Entry No. 19), to which the Defendant has responded in opposition (Docket Entry No. 20) and Plaintiff has replied (Docket Entry No. 21).

## I. FACTS

This is an action for unpaid overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. In answer to Plaintiff's Complaint, Defendant filed a Counterclaim which reads:

> Having fully answered, the Defendant requests this Court award judgment against Plaintiff in the amount of all corporate funds shown to have been wrongfully appropriated by her and for the amount of health insurance benefits paid on her behalf for the period immediately following her employment.

(Docket Entry No. 7 at 3). Plaintiff now moves to dismiss the Counterclaim on the grounds that this Court has no jurisdiction over the claims raised therein.

1

## II. STANDARD OF REVIEW

A Rule 12(b)(1) motion which attacks a claim of jurisdiction on its face requires that the court accept the non-moving party's allegation of facts as true. DLX, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004). Where subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing jurisdiction. Moir v. Greater Cleveland Regional Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990).

## III. LEGAL ANALYSIS

Rule 13 of the Federal Rules of Civil Procedure defines two types of counterclaims: compulsory and permissive. "Compulsory" counterclaims are claims that "arise[ ] out of the transaction or occurrence that is the subject matter of the opposing party's claim" while permissive counterclaims are those that do not arise out of the same subject matter. Fed. R. Civ. P. 13(a) & (b).

Plaintiff argues that in order for this Court to have supplemental jurisdiction over Defendant's Counterclaim, "it must be shown that the state law counterclaims presented are compulsory, rather than permissive." (Docket Entry No. 22 at 1). This Court disagrees.

In 1990, Congress enacted the Judicial Improvements Act (the Act), 28 U.S.C. § 1367, which clarified the supplemental jurisdiction of federal courts. In relevant part, the Act provides:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution[.]

28 U.S.C. § 1367(a).

Since the enactment of the foregoing statute, at least two circuit courts of appeal have held that for a federal court to have jurisdiction over a state law counterclaim, it is not mandatory that the counterclaim be compulsory. In Jones v. Ford Motor Credit Co., 358 F.3d 205, 213 (2nd Cir. 2004) and Channell v. Citicorp Nat'l Serv., 89 F.3d 379, 385-86 (7th Cir. 1996), the Second and Seventh Circuits, respectively, declined to continue to distinguish between compulsory and permissive counterclaims in deciding whether supplemental jurisdiction exists. Instead, they determined that the question of whether supplemental jurisdiction exists over counterclaims is determined by the language of § 1367 alone. Hence, whether supplemental jurisdiction exists over a counterclaim depends on whether the state counterclaim and the federal claim are "so related . . . that they form part of the same case or controversy under Article III of the United States Constitution." Based upon Channell and/or Jones, several district courts have reached the same conclusion. See, Metalmark Northwest, LLC v. Stewart, 2006 WL 1277793 *2 (D. Or. 2006)("I adopt the well-reasoned analysis in Jones and conclude that supplemental

3

jurisdiction can be applied to permissive counterclaims that allege the appropriate facts"); Bakewell v. Federal Fin. Group, Inc., 2006 WL 739807 *2 (N.D. Ga. 2006)("While it appears the Eleventh Circuit has not addressed the issue, this Court agrees with the Second and Seventh Circuits that it may exercise supplemental jurisdiction over some permissive counterclaims").

Given the language of the statute, as well as the reasoning of the courts in Jones and Channell, this Court concludes that in order for it to have jurisdiction over Defendant's Counterclaim, it is not necessary that the Counterclaim be deemed compulsory within the meaning of Rule 13 of the Federal Rules of Civil Procedure. Instead, this Court has supplemental jurisdiction over a counterclaim which is "related to claims in the action," 28 U.S.C. § 1367(a). In other words, the Court has jurisdiction when "[t]he counterclaims and the underlying claim bear a sufficient factual relationship . . . to constitute the same 'case' within the meaning of Article III and hence section 1367."

Utilizing this standard, it is clear the Court has jurisdiction over Defendant's Counterclaim since the Counterclaim and the underlying claim have factual underpinnings arising out of the parties' employment relationship. Jurisdiction is also appropriate given that a "district court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims" with that discretion tempered by consideration of such

4

things as "judicial economy, convenience, fairness, and comity." Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1254 (6th Cir. 1996). Both Plaintiff's Complaint and the Counterclaim arise from Plaintiff's employment with the Defendant. Moreover, it would appear that the bulk of the evidence will be developed from that employment relationship. Additionally, Plaintiff's credibility may be key to her claim under the FLSA (to wit when and how often she worked overtime without proper compensation), just as it may be a key to the resolution of Defendant's Counterclaim insofar as it charges her with misappropriation of funds. Defendant alleges that the repayment of funds misappropriated by Plaintiff has a direct bearing on Plaintiff's claim for unpaid wages, as well as her credibility on the issue.

Comity between this Court and the state court will be of little concern since the Counterclaim is not based upon a novel issue of state law. Further, trying the parties' claims as one will provide judicial economy and will be more convenient to both the parties and witnesses since there will need be only one trial, not two.

In reaching this conclusion, the Court is not unmindful of the cases Plaintiff cites which have held that, in an FLSA action, "counterclaims against plaintiffs for money the defendant claims to be owed or damages allegedly caused by tortious acts are not

5

permitted." (Docket Entry No. 22 at 3). However, all of the cases cited by the Plaintiff in support of this proposition involved enforcement actions by the Secretary of Labor, not "an isolated squabble between the employer and employee[.]" Hodson v. Lakewood Broadcasting Serv., 330 F.Supp. 670, 671 (D. Colo. 1971).

The purpose of such actions "is to bring [the employer] into compliance with the Act by enforcing a public right" and "to permit [the employer] in such a proceeding to try his private claims, real or imagined, against his employees would delay and even subvert the whole process." Donovan v. Pointon, 717 F.2d 1320, 1323 (10th Cir. 1983); see also, Hodson, 330 F. Supp. at 674 ("We are called upon to decide only the issues between the Secretary of Labor and defendant, and we decide no more than those issues). Here, to the contrary, the case involves a private dispute between the employee and employer and the counterclaim presented naturally arises out of that dispute. See, Pointon, 717 F.2d at 1323 (while offsets for debts could not be brought in action by the Secretary of Labor, the employer "is free to sue his employees in state court, as we are advised he is doing, for any such sums which he feels is due and owing him"). Accordingly, the cases relied upon by Plaintiff are inapposite.

6

Case 3:05-cv-00619   Document 23   Filed 08/25/06   Page 6 of 7 PageID #: 97

## IV. CONCLUSION

For the foregoing reasons, "Plaintiff's Motion to Dismiss Defendant's Counterclaim" (Docket Entry No. 19) will be denied. An appropriate will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

7